**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS E. PERSINGER** | : | |
| 12179 School Lane Road | : | |
| Croton, Ohio 43013 | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:19-cv-4583 |
| | : | |
| vs. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| **INDUSTRIAL FABRICATORS, INC.** | : | |
| c/o Statutory Agent | : | |
| Frederick R. Landig Jr. | : | Jury Demand Endorsed Hereon |
| 6706 Hillegas Farm Dr. | : | |
| Westerville, Ohio 43082 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Thomas E. Persinger ("Plaintiff") and proffers this Complaint for damages against Defendant Industrial Fabricators, Inc. ("Defendant").

## JURISDICTION AND VENUE

1.      All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2.      This action is brought pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Ohio Laws of Discrimination, Ohio Revised Code 4112 ("Chapter 4112"), and 28 U.S.C. § 1331.

3.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391, because Defendant has a facility in Westerville, Franklin County, Ohio, at which the events in question took place.

5. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the EEOC, a copy of which is attached hereto as Exhibit A.

## THE PARTIES

6. Plaintiff is a natural person residing in Licking County, Ohio.

7. Defendant Industrial Fabricators, Inc. is an Ohio Corporation doing business in the Southern District of Ohio.

8. At all times relevant herein, Plaintiff was an employee of Defendant as defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Ohio Revised Code 4112.

9. Defendant is a covered "employer" as that term is defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA") and by the Ohio Revised Code 4112.

## FACTUAL BACKGROUND

10. Plaintiff was hired by Defendant on or about October 4, 2000 as the Office Manager and remained employed by Defendant until his termination on or about July 22, 2019. Plaintiff occasionally performed HR functions for Defendant.

11. On or about June 14, 2019, Defendant unlawfully terminated former employee, Walter Burgess based on his perceived disability and/or disability.

12. Mr. Burgess, a former Welder for Defendant, missed a total of four days of work for illness and diagnostic testing between June 7 and June 14, 2019.

13. Mr. Burgess returned to work on or about June 14, 2019 with a medical excuse explaining his condition. Mr. Burgess had tumors in his stomach, and the doctor's note indicated the tumors were potentially cancerous. Mr. Burgess presented this note to Defendant and returned to his work station.

14. Mr. Tom Wells, Production Manager, approached Plaintiff with Mr. Burgess's medical excuses and asserted that they were fabricated and/or forgeries.

15. Plaintiff informed Mr. Wells that the excuses were likely not fake and advised Defendant to check the company insurance portal to see if Mr. Burgess had an Explanation of Benefits for the visits, which would prove he actually visited the doctor on the dates in question. Plaintiff suggested that Defendant verify the visit before taking any adverse action against Mr. Burgess.

16. Rather than take Plaintiff's advice, Mr. Wells angrily left Plaintiff in his office and went to terminate Mr. Burgess. Mr. Wells called the police in preparation for Mr. Burgess's termination, although he had no reason for doing so.

17. On Monday June 17, 2019, Plaintiff approached Mr. Fred Landig, owner of Defendant, about the police presence during Mr. Burgess's termination and expressed concern, as Mr. Wells' accusation against Mr. Burgess and his medical excuses was meritless and unfounded.

18. Mr. Landig then changed his story and told Plaintiff that Mr. Burgess had been fired for attendance issues. Plaintiff said, "That's not why you fired him," indicating that Plaintiff was aware of the discriminatory reason for firing Mr. Burgess: his potential cancer diagnosis.

19. Mr. Landig changed the reason for termination yet again, and cited Ohio's at-will statute.

20.     On or about July 18, 2019, Mr. Landig received a demand letter regarding the unlawful termination of Mr. Burgess. Mr. Landig claimed that Mr. Burgess was trying to "extort" money from Defendant.

21.     Plaintiff stated that he believed Defendant should settle with Mr. Burgess, as Plaintiff believes Mr. Burgess has a legitimate case against Defendant, as it terminated him as soon as he turned in his medical excuses related to a potential cancer diagnosis.

22.     Defendant terminated Plaintiff four days later on July 22, 2019 for "harassing" a notoriously problematic employee.

23.     Plaintiff did not harass anyone prior to his termination. Plaintiff detailed the many deficiencies of a troublesome employee named James. Plaintiff documented these deficiencies through photographs and analyzed the dollar amount that James cost the company. Plaintiff knew James's review was approaching, and he wanted Mr. Landig to be aware of James's poor behavior. Plaintiff was merely performing his role as Office Manager.

24.     Defendant's reason for terminating Plaintiff is pretextual.

25.     Defendant terminated Plaintiff because he opposed Defendant's discrimination and wrongful termination of Water Burgess, thereby retaliating against Plaintiff for engaging in protected activity.

**COUNT I**
**Retaliation- R.C. §4112.02**

26.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

27.     Plaintiff engaged in a protected activity by opposing the discrimination and termination of Walter Burgess based on his perceived disability/disability.

28.     Defendant knew Plaintiff engaged in a protected activity.

4

29.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, creating false reasons for his termination, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

30.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

31.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

### COUNT II
### Retaliation- Americans with Disabilities Act

32.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

33.     Plaintiff engaged in a protected activity by opposing the discrimination and termination of Walter Burgess based on his perceived disability/disability.

34.     Defendant knew Plaintiff engaged in a protected activity.

35.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, creating false reasons for his termination, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

36.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

37.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel A. Sabo, Esq.*
Rachel A. Sabo (0089226)
Peter G. Friedmann (0089293)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
Rachel@TFFLegal.com
Pete@TFFLegal.com
614-610-9757 (Phone)
614-737-9812 (Fax)

*Counsel for Plaintiff*

6

## **JURY DEMAND**

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/*Rachel A. Sabo*
Rachel A. Sabo (0089226)